David H. Leroy
802 W Bannock St. #201
Boise, ID 83702
Phone: (208) 342-0000
Fax: (208) 342-4200
*Email*: dave@dleroy.com

L. Marc Zell
*Pro hac vice to be filed*
ZELL & ASSOCIATES INTERNATIONAL
ADVOCATES, LLC
1345 Ave. of the Americas
2nd Floor
New York, NY 10105
(212)-971-1349
*Email: mzell@fandz.com*

Noam Schreiber
*Pro hac vice to be filed*
34 Ben Yehuda St.
14th Floor
Jerusalem, Israel 9423001
011-972-2-633-6300
*Email: noam.schreiber@fandz.com*

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICIA LEEDS,<br><br>*Plaintiff,*<br><br>*v.*<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant.* | Case No. _____<br><br>**Complaint**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

# PREAMBLE

1. This lawsuit challenges the statutory authority of Defendant to assess penalties under 26 U.S.C. §6038 for the alleged failure of Dr. Richard Leeds ("Dr. Leeds"), now deceased, to timely file Form 5471 in connection with a foreign corporation that Defendant alleges he owned and/or controlled.

2. Defendant assessed penalties in excess of $350,000 against Dr. Leeds and, without any judicial oversight, imposed a federal lien on several assets of Dr. Leeds and his wife, Patricia Leeds (88 years old), including their home in Boise, Idaho ("the Property").

3. The Internal Revenue Service ("IRS") is now threatening to foreclose on Ms. Leeds' home and, if successful, Ms. Leeds will be rendered homeless at her advanced age.

4. As alleged in greater detail below, the IRS had no authority to unilaterally impose by way of administrative process the Form 5471 penalties. *Farhy v. Comm'r of Internal Revenue*, 2023 WL 2752459 (T.C. Apr. 3, 2023). The proper mechanism for enforcing an alleged failure to file Form 5471 is to file a lawsuit in federal court seeking to reduce the penalties to judgment. The IRS has failed to do so.

5. Accordingly, the assessment of 5471 penalties was "not in accordance with law" 5 U.S.C. §706(2)(A) and "in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. §706(2)(C). Consequently, the lien on Ms. Leeds home is invalid and should be terminated immediately.

## PARTIES

6. Plaintiff Patricia Leeds is a citizen of the State of Idaho. She resides in and owns the Property.

7. Ms. Leeds is the widow of Dr. Leeds, who died on November 8, 2021.

8. Defendant United States of America, through the IRS, administers and enforces the internal revenue laws and related statutes. The IRS, through its employees and agents, illegally imposed and assessed the penalties at issue in this lawsuit.

## SUBJECT MATTER JURISDICTION

9. The Court has subject matter jurisdiction under 28 U.S.C. §1331 because this lawsuit arises under the laws of the United States. Specifically, this lawsuit challenges the authority of the Defendant to administratively impose, absent any court proceeding or order, 5471 penalties under §6038.

10. This action is not barred by the Anti-Injunction Act, 26 U.S.C. §7421 ("AIA") because, among other things, this lawsuit does not restrain the assessment or collection of a tax.

## VENUE

11. Venue is proper in this Court under 28 U.S.C. §1391(e)(1) because Defendant is an agency of the United States and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## **LEGAL BACKGROUND**

12. Section 6038(a)(1) imposes information reporting requirements on any U.S. person, as defined in section 957(c), who controls a foreign corporation. There are several scenarios where a U.S. person is considered to "control" a foreign corporation, triggering §6038's information reporting requirements.

13. A U.S. person must furnish, with respect to any foreign corporation which that person controls, information that the Secretary may prescribe. 26 U.S.C. §6038(a)(1).

14. Form 5471 and the accompanying schedules are used to satisfy the §6038 reporting requirements. Form 5471 must be filed with the U.S. person's timely filed federal income tax return. 26 C.F.R. §1.6038-2(i).

15. When a U.S. person, who was required to do so, fails to complete and file a Form 5471 on time, a fixed penalty of $10,000 per foreign corporation per annual accounting period is imposed. 26 U.S.C. §§6038(b)(1) and 6679.

16. If any failure to provide the required information continues for more than 90 days after the day on which the Secretary mails notice of the failure to the U.S. person, the person shall pay a penalty of $10,000 for each 30-day period, or fraction thereof, during which the failure continues with respect to any annual accounting period after the expiration of the 90-day period. However, the increase in any penalty under §6038(b) shall not exceed $50,000. 26 C.F.R. §1.6038-2(k).

4

17. The penalty provision in §6038 provides that if a failure to file the form is due to reasonable cause and not to willful neglect, the penalty will not be imposed. 26 C.F.R. §1.6038-2(k)(ii)(3).

**Section 6038(a)(4)- 10% interest in a CFC**

18. The information reporting requirements prescribed in §6038(a)(1) are imposed on any U.S. person treated as a U.S. shareholder of a corporation that was a "controlled foreign corporation" ("CFC") for an uninterrupted period of 30 days during its annual accounting period and who owned stock in the CFC on the last day of the CFC's annual accounting period. 26 U.S.C. §6038(a)(4). A U.S. shareholder, with respect to any foreign corporation, is a U.S. person who owns 10% or more of the total combined voting power of all classes of stock entitled to vote of the foreign corporation.

19. A CFC is any foreign corporation in which more than 50% of the total combined voting power of classes of stock of the corporation entitled to vote, or the total value of the stock of the corporation, is owned by a U.S. shareholder.

20. This type of filer is called a "category 5" filer.

## FACTUAL BACKGROUND

21. Upon information and belief, at some point during 2015-2016, in connection with the submission of documentation and other information by Dr. Leeds under its Overseas Voluntary Disclosure Program ("OVDP"), the IRS concluded that Dr. Leeds was the sole owner of a foreign entity by the name of

5

Asian Group of International Studies and Training ("AGIST"), a Turks and Caicos corporation.

22. In 2017, Dr. Leeds opted-out of the OVDP and the IRS commenced an audit.

23. In the framework of the audit, the IRS concluded that Dr. Leeds was required to file Form 5471 "under multiple of the categories of filer requirements, including as a Category 5 filer."

24. On June 4, 2018, Defendant issued to Dr. Leeds a notice letter entitled "Failure to File 5471s."

25. Initially, the IRS imposed a $10,000 penalty under §6038(b)(1) for each of Dr. Leeds' alleged failure to timely file form 5471 for the years 2006-2012, totaling $70,000.

26. Continuation penalties under §6038(b)(2) were also imposed for Dr. Leeds' alleged failure to file form 5471, bringing the entire penalty to $350,000 (continuation penalties are capped at $50,000 per form). The initial and continuation penalties were approved via a civil penalty approval form on March 6, 2019.

27. On June 3, 2019, Dr. Leeds, through his then counsel, Robert Hanson, Esq., submitted a "Reasonable Cause Statement" pursuant to 26 C.F.R. §1.6038(k)(3) which was ultimately rejected by the IRS.

28. The 5471 penalties were formally assessed by Defendant in December 2019 (the "**5471 Penalty**").

29. An "assessment" is a formal recording of a taxpayer's liability. Once the assessment is made, the IRS can enforce collection through administrative actions such as liens and levies and it does not need to seek any court order.

30. On or around January 26, 2021, Defendant filed a Notice of Federal Tax Lien ("NFTL") with the Ada County Recorder, Boise, Idaho. The notice reads as follows:

> As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

31. The NFTL then lists seven assessed 5471 penalties for 2006, 2007, 2008, 2009, 2010, 2011, and 2012, totaling an aggregate unpaid penalty of $378,929.

## COUNT I
**ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. 500 *et seq*.**

32. Plaintiff repeats all her allegations as alleged above and incorporates them herein.

33. Under the APA, a court must "hold unlawful and set aside" agency action that is "not in accordance with law" 5 U.S.C. §706(2)(A) or "in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. §706(2)(C).

34. The government's imposition of the 5471 Penalty was "not in accordance with law" and "in excess of statutory jurisdiction" and authority.

7

35. Defendant has no statutory authority to impose the 5471 penalties under §6038(a)(1), absent the filing of a lawsuit and the rendering the penalty into a judgment.

36. As discussed, §6038(b)(1) imposes a penalty of $10,000, with respect to each annual accounting period and §6038(b)(2) imposes a continuation penalty of $10,000 for each 30-day period (or fraction thereof) during which such failure continues, subject to a maximum of $50,000.

37. However, there is no statutory provision, in the Code or otherwise, authorizing administrative/extra-judicial imposition of these penalties. *Farhy v. Comm'r of Internal Revenue*, 2023 WL 2752459 (T.C. Apr. 3, 2023).

38. While the United States may attempt to collect liabilities for these penalties through a civil action, *see* 28 U.S.C. §2461(a), the IRS may not assess or administratively collect these penalties.

39. Accordingly, Defendant was never authorized to assess the 5471 Penalty and, hence, to issue the NFTL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Plaintiff against Defendant, as follows:

(a) Issue a declaratory judgment that the administrative imposition of the 5471 Penalty was not in accordance with law and in excess of statutory authority;

(b) Issue a declaratory judgment that any liens or levies rendered pursuant to the 5471 Penalty are terminated;

(c) Issue an order requiring Defendant to terminate any liens or levies rendered pursuant to the 5471 Penalty;

(d) Award Plaintiff the costs of this action, including attorney's fees and all reasonable expenses pursuant to 28 U.S.C. §2412; and

(e) Grant such other and further relief as shall be deemed just and proper by the Court.

Date: February 6, 2024

Respectfully submitted,

/s/ *David H. Leroy*

David H. Leroy
802 W Bannock St. #201
Boise, ID 83702
Phone: (208) 342-0000
Fax: (208) 342-4200
*Email*: dave@dleroy.com

L. Marc Zell
*Pro hac vice pending*
ZELL & ASSOCIATES INTERNATIONAL ADVOCATES, LLC
1345 Ave. of the Americas
2nd Floor
New York, NY 10105
(212)-971-1349
*Email:* mzell@fandz.com

Noam Schreiber
*Pro hac vice pending*
34 Ben Yehuda St.
14th Floor
Jerusalem, Israel 9423001
011-972-2-633-6300
*Email:* noam.schreiber@fandz.com

*Counsel for Plaintiff*

9